## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **In re:** | : | **CHAPTER 7** |
| | : | |
| **DAVID TABBY DO LLC** | : | **BANKRUPTCY NO. 23-11356(MDC)** |
| **d/b/a OPTIMUM NEUROLOGY** | : | |
| | : | |
| **Debtor** | : | |
| | : | |

### MOTION OF ROBERT W. SEITZER, CHAPTER 7 TRUSTEE,
### FOR APPROVAL OF A SETTLEMENT AGREEMENT AND MUTUAL
### RELEASE BETWEEN THE TRUSTEE AND BODY REBUILDERS, PC
### PURSUANT TO FED. R. BANKR. P. 9019(a) AND 11 U.S.C. § 105(a)

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of David Tabby DO LLC d/b/a/ Optimum Neurology (the "Debtor"), by and through his counsel, Karalis PC, hereby moves (the "Motion") this Honorable Court for approval of a settlement agreement and mutual release (the "Agreement") between the Trustee and Body Rebuilders, PC ("Body Rebuilders", and together with the Trustee, the "Parties"), and in support thereof, respectfully represents as follows:

### JURISDICTION

1.      This Court has jurisdiction over this Motion under 28 U.S.C. § 1334.

2.      This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(A) and (O).

3.      The statutory basis for the relief requested herein is 11 U.S.C. § 105(a) and Fed. R. Bankr. P. 9019.

# BACKGROUND

**A.      Procedural Background.**

4.       On May 9, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

5.       On May 10, 2023, the Trustee was appointed which appointment remains in effect.

**B.      The Transfer made by the Debtor to Body Rebuilders.**

6.       On or within ninety (90) days prior to the Petition Date, the Debtor transferred the sum of $43,000.00 (the "Transfer") to Body Rebuilders.

7.       The Trustee advised Body Rebuilders that the Transfer could be avoided and recovered by the Trustee pursuant to the provisions of 11 U.S.C. §§ 547 and 550.

8.       Body Rebuilders denied that the Transfer could be avoided or recovered by the Trustee.

**C.      The Proof of Claim filed by Body Rebuilders.**

9.       On November 2, 2023, Body Rebuilders filed a general unsecured claim in the amount of $14,798.50 at Claim No. 4-1 (the "Proof of Claim").

10.      In the Proof of Claim, Body Rebuilders asserts that it is owed the sum of $14,798.50 on account of "1) remaining unamortized build-out under a sub-lease between the claimant and the Debtor; 2) failure to pay the full Space Reduction Fee for the leased space; and 3) failure to pay utilities and real estate tax owed to Claimant."

11.      The Parties have engaged in settlement discussions and rather than continue with protracted litigation, the Parties now desire to settle, compromise and resolve all claims between and among them in connection to the Transfer and the Proof of Claim in accordance with the terms

and conditions of the Agreement (collectively, the "Settled Claims"). A true and correct copy of

the Agreement is attached hereto as Exhibit "A" and made a part hereof.

## TERMS OF AGREEMENT

12.    The terms and conditions of the Agreement provide, *inter alia*, as follows:

(a)    **Effective Date and Related Matters.** No later than five (5) business days after the execution and delivery of the Agreement, the Trustee shall file a motion in the Bankruptcy Court (the "Settlement Motion") to approve the Agreement under Fed. R. Bankr. P. 9019 and otherwise applicable bankruptcy law. The settlement shall be evidenced and implemented by the Agreement, the Settlement Motion, and the "Final Order" approving the Agreement. "Final Order" shall mean an order entered by the Bankruptcy Court which is unstayed and has become final and non-appealable. The "Effective Date" is a date (i) upon which the order approving the Agreement becomes a Final Order and (ii) the full Settlement Amount (as hereinafter defined) has been paid by Body Rebuilders to the Trustee.

(b)    **Settlement Amount.** Body Rebuilders shall pay the sum of $21,000.00 to the Trustee (the "Settlement Amount") to resolve the Settled Claims. The Settlement Amount shall be paid as follows: (i) the sum of $6,000.00 to be paid within five (5) business days after the execution of the Agreement, (ii) the sum of $5,000.00 to be paid on or before February 1, 2024, (iii) the sum of $5,000.00 to be paid on or before April 1, 2024 and (iv) the sum of $5,000.00 to be paid on or before June 1, 2024. The checks representing the Settlement Amount shall be made payable to "Robert W. Seitzer, Chapter 7 Trustee for the Estate of David Tabby DO LLC" and forwarded directly to Karalis PC, Attn: Robert W. Seitzer, Esquire, 1900 Spruce Street, Philadelphia, PA 19103.

(c)    **Default.** In the event that any of the payments identified herein are not timely made, the Trustee shall send a notice of default (the "Default Notice") to Body Rebuilders' undersigned counsel via e-mail. In the event that the default is not cured within five (5) business days after receiving the Default Notice, the sum of $43,000.00, less all payments made by Body Rebuilders to the Trustee, shall be immediately due and payable.

(d)    **The Proof of Claim.** Body Rebuilders waives, releases and discharges the right to receive any distribution on account of the Proof of Claim.

(e)    **Representations and Warranties.**

i.    Each of the Parties represents and warrants that they have carefully read the Agreement, the contents hereof are known to them, and that

3

the Agreement is executed voluntarily and without duress or undue influence.

ii.    Each of the Parties represents and warrants that in executing the Agreement each rely solely upon its own judgment, belief, and knowledge, and on the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims, and that each has not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by any of the Parties or by any person representing them or any of them.

iii.    Each of the Parties represents and warrants that the persons and entities executing the Agreement have the legal authority to do so.

(f)    **No Admission of Liability.**  Nothing in this Agreement shall be deemed an admission of liability by any person or entity, whether party to this Agreement or otherwise.

(g)    **Mutual Releases.**

i.    Upon the Effective Date, in consideration of the release provided from the Trustee, Body Rebuilders hereby irrevocably releases, acquits and forever discharges the Debtor's bankruptcy estate, the Trustee, and his agents, attorneys, advisers, consultants, and their successors and assigns from any and every claim, loss (whether consequential, direct or indirect), demand, the Proof of Claim, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, execution, and demand of any nature whatsoever, whether in law or in equity, whether known or unknown, which Body Rebuilders has, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims; provided, however, nothing herein shall be deemed to release or discharge any obligation of the Trustee under the Agreement.

ii.    Upon the Effective Date, in consideration of the full payment of the Settlement Amount and the release provided from Body Rebuilders, the Trustee irrevocably releases, acquits and forever discharges Body Rebuilders and its agents, attorneys, advisers, consultants, and their successors and assigns, from any and every claim, loss (whether consequential, direct or indirect), demand, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, and execution, of any nature whatsoever, whether in law or in equity, whether known or unknown, which the Trustee has, or may acquire in the future arising

out of, in connection with, or relating in any way to the Settled Claims; provided, however, nothing herein shall be deemed to release or discharge any obligation of Body Rebuilders under the Agreement.

(h)    **Bankruptcy Court Approval.**  The Agreement is contingent upon the entry of a final and non-appealable order of the Bankruptcy Court approving the Agreement.  If the Agreement is not approved by the Bankruptcy Court, the Agreement shall be null and void and made without prejudice to the Parties who shall be returned to their original factual and legal positions.  In addition, if the Agreement is not approved by the Bankruptcy Court, the Trustee shall immediately refund any payments received by the Trustee to Body Rebuilders.

*See*, Exhibit "A".

13.    The discussion of the terms contained in the Agreement is intended as a summary only and all parties in interest are encouraged to read the Agreement.  To the extent that there are any discrepancies between the summary contained in this Motion and the terms contained in the Agreement, the terms of the Agreement shall control.

## RELIEF REQUESTED AND THE BASIS THEREFOR

14.    Federal Rule of Bankruptcy procedure 9019(a) provides "on motion by the Trustee and after notice and a hearing, the Court may approve a compromise or settlement.  The decision to approve or disapprove a settlement is within the sound discretion of the bankruptcy judge." *See*, *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996).

15.    The Trustee seeks approval, pursuant to Bankruptcy Code § 105 and Fed. R. Bankr. P. 9019, of the settlement of the claims among the Parties as set forth in the Agreement.

16.    In *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, *reh'g denied*, 391 U.S. 909 (1968), the Supreme Court instructed as to those factors to be considered in determining whether to approve a settlement. The factors outlined by the Supreme Court in Anderson have been uniformly summarized as follows:

(a)    the probability of success in the litigation;

(b)    the complexity of the litigation involved and the expense, inconvenience and delay necessarily attending it;

(c)    the difficulties, if any, to be encountered in the matter of collection; and

(d)    the paramount interest of the creditors.

*See, Martin*, 91 F.3d at 393; *In re Marvel Entertainment Group, Inc.*, 222 B.R. 243, 249 (D. Del. 1998); *In re Louise's, Inc.*, 211 B.R. 798, 801 (D. Del. 1997); *In re Pennsylvania Truck Lines, Inc.*, 150 B.R. 595, 598 (E.D. Pa. 1992), *aff'd*, 8 F.3d 812 (3d Cir. 1993); *In re Grant Broadcasting of Philadelphia, Inc.*, 71 B.R. 390, 395 (Bankr. E.D. Pa. 1987).

17.    Bankruptcy Rule 9019 authorizes this Court to approve the Agreement entered into by the Trustee.  The decision whether to accept or reject a compromise is committed to the sound discretion of the Bankruptcy Court, "which must determine if the compromise is fair, reasonable, and in the interest of the estate." *See, Louise's*, 211 B.R. at 801.  *See also, In re Neshaminy Office Building Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

18.    The settlement need not be the best that the debtor could have achieved, but must only fall "within the reasonable range of litigation possibilities." *See, In re Penn Central Transp. Co.*, 596 F.2d 1102, 1114 (3d Cir. 1979).  In making its determination, a court is not to substitute its own judgment for that of the debtor.  *See, Neshaminy Office Bldg.*, 63 B.R. at 803.  Moreover, it is not necessary for the court to conduct a truncated trial of the facts of the merits underlying the dispute. *See, Grant Broadcasting*, 71 B.R. at 396.  *See also, In re A&C Properties*, 784 F.2d 1377, 1384 (9th Cir.), *cert. denied*, 479 U.S. 854 (1986).  Rather, the court need only "canvass the issues to see whether the settlement fall[s] below the lowest point in the range of reasonableness." *See, Neshaminy Office Bldg.*, 62 B.R. at 803, *quoting, In re W.T. Grant Co.*, 4 B.R. 53, 69 (S.D.N.Y. 1977).

19.    In the present case, the Agreement falls within the range of reasonableness for purposes of satisfying Fed. R. Bankr. P. 9019 criteria.

20.    Not only would further litigation be costly and time consuming for the Trustee and the Debtor's estate, there are uncertainties in connection with the resolution of these claims including the potential for appeals, which could delay the final determination of these matters for a protracted period of time.

21.    The Trustee believes that, in light of the complexity and the expense of the dispute between the Parties, the Agreement is in the best interest of the Trustee, the Debtor's estate and the creditors.

22.    As set forth herein, the settlement is comprised of the Settlement Amount of $21,000.00 plus the waiver of the Proof of Claim in the amount of $14,798.50.

23.    Body Rebuilders asserted defenses under 11 U.S.C. § 547(c) in connection to the Trustee's potential avoidance and recovery of the Transfer.

24.    As the Bar Dates have passed, the Debtor's creditor pool consists of general unsecured claims in the aggregate amount of $49,029.19 not taking into account the Proof of Claim.    As such, the payment of the Settlement Amount should provide for a meaningful distribution to the Debtor's general unsecured creditors.

## **NOTICE**

25.    This Motion and Notice of this Motion have been provided to (i) the Office of the United States Trustee for the Eastern District of Pennsylvania; (ii) the Debtor's counsel; (iii) counsel to Body Rebuilders and (iv) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002.    In addition, Notice of this Motion has been provided to all of the Debtor's

creditors.  The Trustee submits that such notice is proper and adequate and no further notice is

necessary or required.

## **CONCLUSION**

**WHEREFORE**, the Trustee respectfully requests the entry of an Order (a) approving the

Agreement and (b) granting such other and further relief as this Court deems just and proper.


**Respectfully submitted,**

**KARALIS PC**


By:___/s/ Robert W. Seitzer_____
      Robert W. Seitzer, Esquire
      1900 Spruce Street
      Philadelphia, PA 19103
      (215) 546-4500
      rseitzer@karalislaw.com

      *Counsel for the Trustee*

Dated: December 12, 2023