# **EXHIBIT "A"**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

Robert W. Seitzer, Chapter 7 Trustee (the "Trustee") for the estate of David Tabby DO LLC d/b/a/ Optimum Neurology (the "Debtor") and Body Rebuilders, PC ("Body Rebuilders", and together with the Trustee, the "Parties") hereby stipulate and agree (the "Agreement") as follows:

## BACKGROUND

**I.  Procedural Background.**

    A.    On May 9, 2023 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101, *et seq.*, in the United States Bankruptcy Court for the Eastern District of Pennsylvania (the "Bankruptcy Court").

    B.    On May 10, 2023, the Trustee was appointed which appointment remains in effect.

**II.  The Transfer made by the Debtor to Body Rebuilders.**

    C.    On or within ninety (90) days prior to the Petition Date, the Debtor transferred the sum of $43,000.00 (the "Transfer") to Body Rebuilders.

    D.    The Trustee advised Body Rebuilders that the Transfer could be avoided and recovered by the Trustee pursuant to the provisions of 11 U.S.C. §§ 547 and 550.

    E.    Body Rebuilders denied that the Transfer could be avoided or recovered by the Trustee.

**III.  The Proof of Claim filed by Body Rebuilders.**

    F.    On November 2, 2023, Body Rebuilders filed a general unsecured claim in the amount of $14,798.50 at Claim No. 4-1 (the "Proof of Claim").

    G.    In the Proof of Claim, Body Rebuilders asserts that it is owed the sum of $14,798.50 on account of "1) remaining unamortized build-out under a sub-lease between the claimant and

the Debtor; 2) failure to pay the full Space Reduction Fee for the leased space; and 3) failure to pay utilities and real estate tax owed to Claimant."

H.  The Parties have engaged in settlement discussions and rather than continue with protracted litigation, the Parties now desire to settle, compromise and resolve all claims between and among them in connection to the Transfer and the Proof of Claim in accordance with the terms and conditions of this Agreement (collectively, the "Settled Claims").

## AGREEMENT

**NOW, THEREFORE,** the foregoing background deemed incorporated herein and made a part hereof and for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties to this Agreement, intending to be legally bound, hereby further covenant and agree as follows:

1.  **Effective Date and Related Matters.** No later than five (5) business days after the execution and delivery of this Agreement, the Trustee shall file a motion in the Bankruptcy Court (the "Settlement Motion") to approve this Agreement under Fed. R. Bankr. P. 9019 and otherwise applicable bankruptcy law. This settlement shall be evidenced and implemented by this Agreement, the Settlement Motion, and the "Final Order" approving this Agreement. "Final Order" shall mean an order entered by the Bankruptcy Court which is unstayed and has become final and non-appealable. The "Effective Date" is a date (i) upon which the order approving this Agreement becomes a Final Order and (ii) the full Settlement Amount (as hereinafter defined) has been paid by Body Rebuilders to the Trustee.

2.  **Settlement Amount.** Body Rebuilders shall pay the sum of $21,000.00 to the Trustee (the "Settlement Amount") to resolve the Settled Claims. The Settlement Amount shall be paid as follows: (i) the sum of $6,000.00 to be paid within five (5) business days after the execution of this Agreement, (ii) the sum of $5,000.00 to be paid on or before February 1, 2024,

(iii) the sum of $5,000.00 to be paid on or before April 1, 2024 and (iv) the sum of $5,000.00 to be paid on or before June 1, 2024. The checks representing the Settlement Amount shall be made payable to "Robert W. Seitzer, Chapter 7 Trustee for the Estate of David Tabby DO LLC" and forwarded directly to Karalis PC, Attn: Robert W. Seitzer, Esquire, 1900 Spruce Street, Philadelphia, PA 19103.

3. **Default.** In the event that any of the payments identified herein are not timely made, the Trustee shall send a notice of default (the "Default Notice") to Body Rebuilders' undersigned counsel via e-mail. In the event that the default is not cured within five (5) business days after receiving the Default Notice, the sum of $43,000.00, less all payments made by Body Rebuilders to the Trustee, shall be immediately due and payable.

4. **The Proof of Claim.** Body Rebuilders waives, releases and discharges the right to receive any distribution on account of the Proof of Claim.

5. **Representations and Warranties.**

    (a) Each of the Parties hereto represents and warrants that they have carefully read this Agreement, the contents hereof are known to them, and that this Agreement is executed voluntarily and without duress or undue influence.

    (b) Each of the Parties hereto represents and warrants that in executing this Agreement each rely solely upon its own judgment, belief, and knowledge, and on the advice and recommendations of its own independently selected counsel, concerning the nature, extent, and duration of its rights and claims, and that each has not been influenced to any extent whatsoever in executing the same by any representations or statements covering any matters made by any of the Parties or by any person representing them or any of them.

    (c) Each of the Parties hereto represents and warrants that the persons and entities executing this Agreement have the legal authority to do so.

6. **No Admission of Liability.** Nothing in this Agreement shall be deemed an admission of liability by any person or entity, whether party to this Agreement or otherwise.

7. **Mutual Releases.**

    (a) Upon the Effective Date, in consideration of the release provided herein

from the Trustee, Body Rebuilders hereby irrevocably releases, acquits and forever discharges the Debtor's bankruptcy estate, the Trustee, and his agents, attorneys, advisers, consultants, and their successors and assigns from any and every claim, loss (whether consequential, direct or indirect), demand, the Proof of Claim, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, execution, and demand of any nature whatsoever, whether in law or in equity, whether known or unknown, which Body Rebuilders has, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims; provided, however, nothing herein shall be deemed to release or discharge any obligation of the Trustee under this Agreement.

(b) Upon the Effective Date, in consideration of the full payment of the Settlement Amount and the release provided herein from Body Rebuilders, the Trustee irrevocably releases, acquits and forever discharges Body Rebuilders and its agents, attorneys, advisers, consultants, and their successors and assigns, from any and every claim, loss (whether consequential, direct or indirect), demand, liability, action, cause of action, bond claim, liability, debt, damage, controversy, agreement, trespass, judgment, and execution, of any nature whatsoever, whether in law or in equity, whether known or unknown, which the Trustee has, or may acquire in the future arising out of, in connection with, or relating in any way to the Settled Claims; provided, however, nothing herein shall be deemed to release or discharge any obligation of Body Rebuilders under this Agreement.

8. **Bankruptcy Court Approval.** This Agreement is contingent upon the entry of a final and non-appealable order of the Bankruptcy Court approving this Agreement. If this Agreement is not approved by the Bankruptcy Court, this Agreement shall be null and void and made without prejudice to the Parties who shall be returned to their original factual and legal positions. In addition, if this Agreement is not approved by the Bankruptcy Court, the Trustee shall immediately refund any payments received by the Trustee to Body Rebuilders.

9. **Expenses.** The Parties agree that each shall bear their own costs and attorneys' fees incurred in connection with the negotiation and preparation of this Agreement.

10. **Binding Effect.** This Agreement shall be binding upon the Parties and their respective heirs, successors and assigns.

11. **Modification.** No term or provision of this Agreement may be varied, changed, modified, waived, discharged or terminated orally, but only by an instrument in writing signed by the party against whom the enforcement of the variation, change, modification, waiver, discharge or termination is sought.

12. **Documents.** The Parties are authorized and directed to execute and deliver all instruments and documents necessary or appropriate to consummate this Agreement.

13. **Choice of Law.** This Agreement is to be interpreted according to the laws of the Commonwealth of Pennsylvania. Any dispute arising over the meaning, application or interpretations of this Agreement shall be submitted to the Bankruptcy Court for resolution.

14. **Entire Agreement.** This Agreement constitutes the entire agreement between or among the Parties pertaining to the subject matter hereof, and there are no terms other than those contained herein.

15. **Severability.** If any provision of this Agreement shall be held invalid under any applicable law, such invalidity shall not affect any other provision of this Agreement that can be given effect without the invalid provision and, to this end, the provisions hereof are severable.

16. **Waiver.** A breach of any provision of this Agreement can be waived only by a writing signed by the non-breaching party. Waiver of any one breach of any provision hereof shall not be deemed to be a waiver of any other breach of the same or any other provision hereof. This Agreement may be amended only by a written agreement executed by the Parties.

17. **Headings.** The headings of any paragraph of this Agreement are for convenience only and shall not be used to interpret any provision of this Agreement.

18. **Further Action.** The Parties hereto agree to execute promptly upon request any and all other documents and instruments necessary to effectuate the terms of this Agreement.

19.     **Counterparts.** This Agreement may be executed in counterparts and by facsimile or by portable document file ("PDF") and when each of the Parties has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and all counterparts taken together shall constitute one and the same agreement, which shall be binding and effective as to all Parties. Facsimile and PDF copies shall be deemed original.

**[SIGNATURE PAGE TO FOLLOW]**

**IN WITNESS WHEREOF**, the Parties hereto, by and through their respective counsel or authorized representative, have executed this Agreement as of the date set forth below.

**KARALIS PC**

Dated: December 12, 2023

By: _____
Robert W. Seitzer, Esquire
1900 Spruce Street
Philadelphia, PA 19103
(215) 546-4500
rseitzer@karalislaw.com

*Attorneys for the Trustee*

**HARTMAN, VALERIANO, MAGOVERN & LUTZ, P.C.**

Dated: December 8, 2023

By: _____
George M. Lutz, Esquire
1025 Berkshire Boulevard, Suite 700
Wyomissing, PA 19610
(610) 763-0745
glutz@hvmllaw.com

*Attorneys for Body Rebuilders*